UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN DION LEWIS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>M. HARROD, et al.,<br><br>　　　　　Defendants. | No. 2:23-cv-01221 DB P<br><br><br>ORDER |

    Plaintiff Brian Dion Lewis, a state inmate, proceeds without counsel and seeks relief under 42 U.S.C. § 1983. This matter was referred to the undersigned by Local Rule 302. See 28 U.S.C. § 636(b)(1). Plaintiff's complaint filed on June 22, 2023, is before the court for screening. (ECF No. 1.) The complaint states claims against defendant Harrod for violations of plaintiff's rights under the First and Fourteenth Amendments based on the alleged confiscation of outgoing mail. The complaint also states a First Amendment free exercise claim against defendant Speers. Within 30 days, plaintiff must inform the court whether he will proceed on these claims or file an amended complaint.

**I.    In Forma Pauperis**

    Plaintiff seeks to proceed in forma pauperis. (ECF Nos. 8, 9.) The declaration makes the showing required by 28 U.S.C. § 1915(a). The motion is granted.

1

## II.     Screening Requirement

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and mut order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (2000). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a short and plain statement of the claim that shows the pleader is entitled to relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In order to state a cognizable claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id., 550 U.S. at 555. The facts alleged must "'give the defendant fair notice of what the... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 555). In reviewing a complaint under this standard, the court accepts as true the allegations of the complaint and construes the pleading in the light most favorable to the plaintiff. See id.; Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## III.    Plaintiff's Allegations

While incarcerated at Pelican Bay State Prison in 2019 and 2021, plaintiff, who is Muslim, requested dietary supplements (kosher food). (ECF No. 1 at 41.) Plaintiff was interviewed to receive kosher food and was told he would be approved but was never informed of the decision. (Id.)

On March 15, 2021, plaintiff was sexually assaulted by two Pelican Bay Prison officials after which he filed two administrative PREA grievances. (ECF No. 1 at 5.) Plaintiff was written up for staff assault and threatening a public official. (Id.) Plaintiff was sent to Corcoran State Prison for a segregated housing unit ("SHU") term where he stayed for 19 months. (Id.)

At Corcoran State Prison, plaintiff was authorized to attend Blackstone College and paid $826.00 by means of institutional check to take a paralegal course. (ECF No. 1 at 5-7, 9.) Unnamed officials at Corcoran's mail room confiscated plaintiff's outgoing mail to Blackstone College. (Id. at 6-9, 11, 13.)

Also at Corcoran State Prison, unnamed mail room officials confiscated plaintiff's religious dietary supplement causing plaintiff to hunger strike for a total of 18 days. (ECF No. 1 at 5, 9.) After plaintiff's health deteriorated, he was approved to receive kosher food at Corcoran. (Id. at 40.) However, plaintiff was transferred shortly thereafter to High Desert State Prison ("HDSP"). (Id.)

At HDSP, J. Speers removed plaintiff from the religious dietary program, claiming plaintiff purchased non-kosher food from the canteen. (ECF No. 1 at 5, 9, 40.) This happened in part because unnamed staff had filled the canteen order with substituted items plaintiff did not order. (Id. at 9, 40.) This also happened because plaintiff's "choice of practice is of the Muslim belief as opposed to Jewish." (Id. at 6.)

Plaintiff's outgoing mail to Blackstone College was seized at HDSP by mail room officials including M. Harrod. (ECF No. 1 at 3, 5.) In total, a total of eight exams separately mailed on various dates were seized. (Id. at 9.) None of the seized test exams were "returned to sender." (Id. at 11.)

Plaintiff feels his race and skin complexion are the primary reasons for the deprivations suffered. (ECF No. 1 at 6-7 & 10-11.) Plaintiff can establish that other similarly situated imprisoned persons who were attending Blackstone Career Institute did not have their test exams confiscated. (Id. at 10-11, 13.) Blackstone has "no reported claims" of test exams being intercepted in the months of April-October of 2022, other than those sent by plaintiff. (Id. at 10.) Plaintiff alleges the deprivations were "premised on retaliation" stemming from the incident at Pelican Bay. (Id. at 5 & 12.)

The named defendants are M. Harrod, HDSP Mail Room Clerk, and J. Speers, HDSP Resource Manager. (ECF No. 1 at 1-3.) Plaintiff alleges violations of his rights under the First Amendment based on retaliation, confiscation of his mail, and denial of religious diet. Plaintiff

also asserts claims under the Fourteenth Amendment for violations of his equal protection and due process rights.

### IV. Discussion

#### A. Legal Standards for Civil Rights Claims under 42 U.S.C. § 1983

A plaintiff may bring an action under 42 U.S.C. § 1983 to redress violations of "rights, privileges, or immunities secured by the Constitution and [federal] laws" by a person or entity acting under the color of state law. 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must show (1) the defendant committed the alleged conduct while acting under color of state law; and (2) the plaintiff was deprived of a constitutional right as a result of the defendant's conduct. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

#### B. Right to Send Mail

Prisoners have "a First Amendment right to send and receive mail" subject to regulations that are "reasonably related to legitimate penological interests." Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (citing Turner v. Safley, 482 U.S. 78, 89 (1987)). In the case of outgoing correspondence from prisoners to non-prisoners, censorship is justified only if (1) the regulation or practice in question furthers one or more of the substantial governmental interests of security, order and rehabilitation, and (2) the limitation on First Amendment freedoms is no greater than necessary to further the particular government interest involved. See Procunier v. Martinez, 416 U.S. 396, 413 (1974), overruled on other grounds, Thornburgh v. Abbott, 490 U.S. 401, 413-14 (1989); see also Barrett v. Belleque, 544 F.3d 1060, 1062 (9th Cir. 2008).

Liberally construed, plaintiff's allegations state a claim for relief under 42 U.S.C. § 1983 for a violation of his First Amendment right to send mail by defendant Harrod, who allegedly confiscated plaintiff's outgoing mail to Blackstone College.

#### C. Religious Diet

Inmates "retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion." O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987) (citation omitted). To state a claim under the Free Exercise Clause, an inmate must plausibly allege a prison official's actions (a) substantially burdened the inmate's exercise of a

sincerely held religious belief; and (b) did so in an unreasonable manner. See O'Lone, 482 U.S. at 348-50; Jones v. Williams, 791 F.3d 1023, 1031-32 (9th Cir. 2015).

A prison official's refusal to provide a kosher meat diet to a Muslim inmate can implicate the Free Exercise Clause. See Shakur v. Schriro, 514 F.3d 878, 885 (9th Cir. 2008). Plaintiff alleges J. Speers removed him from the religious diet program at HDSP in part because plaintiff is Muslim. The complaint adequately alleges a substantial and burden of plaintiff's right to practice his religion based on the denial of kosher food at HDSP by J. Speers.

Plaintiff may proceed against J. Speers on a free exercise claim under the First Amendment based on the alleged denial of a religious diet.

### D. Retaliation

A viable First Amendment claim for retaliation in the prison context requires the following: "(1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).

Plaintiff alleges deprivations he suffered at HDSP stemmed from his PREA grievances regarding the sexual assault at Pelican Bay. The court understands plaintiff to be claiming defendants at HDSP retaliated against plaintiff for his protected speech. However, the complaint contains no facts linking either named defendant at HDSP to plaintiff's protected conduct. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

The complaint fails to state a retaliation claim.

### D. Equal Protection

"To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." Thornton v. City of St. Helens, 425 F.3d 1158, 1166 (9th Cir. 2005). Where state action does not implicate a fundamental right or a suspect classification, the plaintiff can establish an equal

1  protection "class of one" claim by demonstrating that the state actor (1) intentionally (2) treated
2  him differently than other similarly situated persons, (3) without a rational basis. Gerhart v. Lake
3  County, Montana, 637 F.3d 1013, 1022 (9th Cir. 2011) (citing Village of Willowbrook v. Olech,
4  528 U.S. 562, 564 (2000) (per curiam)).

5  Plaintiff alleges defendant M. Harrod confiscated his mail on account of his race and for
6  the purpose of intentionally discriminating against him as an individual. Plaintiff alleges other
7  inmates attending Blackstone College did not have their test exams confiscated.

8  The court will liberally construe the complaint's allegations to find plaintiff has stated an
9  equal protection claim against defendant Harrod based on the alleged confiscation of plaintiff's
10 mail to Blackstone College.

11 **E.     Deprivation of Property**

12 Plaintiff's allegations about unauthorized deprivation of property do not state a Fourteenth
13 Amendment due process claim. See Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (per
14 curiam) (deprivation of a prisoner's property fails to state a claim under 42 U.S.C. § 1983 because
15 California state law provides an adequate post-deprivation remedy). An exception to this general
16 rule exists when the official acted pursuant to an established procedure. See Zimmerman v. City
17 of Oakland, 255 F.3d 734, 738 (9th Cir. 2001). Plaintiff asserts the Fourteenth Amendment
18 provides a remedy because the property was seized pursuant to an established procedure. (ECF
19 No. 1 at 5.)

20 This conclusory assertion does not support a due process claim because the complaint's
21 factual allegations clearly allege the deprivations occurred because of circumstances that did not
22 constitute an established procedure. Therefore, the complaint does not state a due process claim
23 based on deprivation of property.

24 **F.     Right to Education**

25 Finally, plaintiff alleges the confiscation of his outgoing mail denied him his right to
26 receive higher education. (ECF No. 1 at 6-9, 11, 13.) There is no constitutional right to education
27 or rehabilitation in prison. See Rhodes v. Chapman, 452 U.S. 337, 348 (1981) (deprivation of
28 rehabilitation and educational programs does not violate Eighth Amendment); Rizzo v. Dawson,

1  778 F.2d 527, 530 (9th Cir. 1985) (prisoners do not have a liberty interest in education or

2  rehabilitation under the Due Process Clause).

3        A due process claim requires deprivation of a constitutionally protected liberty or property

4  interest. See Rizzo, 778 F.2d at 530. A protected liberty interest may arise either from the Due

5  Process Clause itself, or from the laws of the states. Kentucky Dep't of Corrections v. Thompson,

6  490 U.S. 454, 460 (1989). Prisoners do not have a liberty interest in education or rehabilitation

7  under the Due Process Clause. Rizzo, 778 F.2d at 530.

8        The complaint also does not identify a protected liberty interest arising from state law.

9  **V.       Conclusion and Order**

10        The complaint states a claim against defendant Harrod for a violation of plaintiff's right to

11  send mail under the First Amendment and a violation of plaintiff's equal protection rights under

12  the Fourteenth Amendment. The complaint also states a First Amendment free exercise claim

13  against defendant Speers. No other claims are stated. Plaintiff may use the attached form to notify

14  the court whether he will proceed on the complaint as screened with these claims or amend the

15  complaint. Following receipt of a notice from plaintiff electing to proceed on the complaint as

16  screened, the court will order service on defendants Harrod and Speers.

17        If plaintiff chooses to file an amended complaint, he has thirty days so to do. This

18  opportunity to amend is not for the purposes of adding new and unrelated claims. George v.

19  Smith, 507 F.3d 605, 607 (7th Cir. 2007). Local Rule 220 requires that an amended complaint be

20  complete without reference to any prior pleading. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.

21  1967). The amended complaint should be titled "First Amended Complaint" and should reference

22  the case number.

23  **VI.      Order**

24        In accordance with the above, IT IS HEREBY ORDERED as follows:

25        1. Plaintiff's motion to proceed in forma pauperis (ECF Nos. 8 & 9) is granted.

26        2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action as set forth

27  by separate order.

28        3. The Clerk's Office shall send plaintiff a blank civil rights complaint form.

4. Within thirty (30) days of the date of this order plaintiff shall notify the court how he chooses to proceed. Plaintiff may use the form included with this order for this purpose.

4. Failure to respond to this order will result in a recommendation that this action be dismissed for failure to obey a court order and failure to prosecute.

Dated: March 28, 2024

*/s/ Deborah Barnes*
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB7
lewi1221.scrn

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN DION LEWIS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>M. HARROD, et al.,<br><br>　　　　Defendants | No.  2:23-cv-01221 DB P<br><br><br>PLAINTIFF'S NOTICE OF ELECTION |

Check one:

\_\_\_\_\_    Plaintiff wants to proceed on his First Amendment outgoing mail claim and Fourteenth Amendment equal protection claim against defendant Harrod and his First Amendment free exercise claim against defendant Speers. Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing any other claims.

\_\_\_\_    Plaintiff wants to amend the complaint.

DATED:_____　　　　　　　　　　　_____

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Brian Dion Lewis
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Plaintiff pro se

9