UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN DION LEWIS, | No. 2:23-cv-01221 SCR P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| M. HARROD, et al., | |
| Defendants. | |

Plaintiff is a state inmate proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. Before the court is plaintiff's first amended complaint ("FAC") for screening (ECF No. 17). For the reasons set forth below, the court finds plaintiff's FAC fails to state any cognizable claims and grants plaintiff leave to file a second amended complaint.

Also before the court is plaintiff's motion for designee to stop misappropriating funds. (ECF No. 20.) The court construes the filing as a motion for injunctive relief and recommends that it be denied.

**STATUTORY SCREENING OF PRISONER COMPLAINTS**

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In performing this screening function, the court must dismiss any claim that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief

1

from a defendant who is immune from such relief." Id. § 1915A(b).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.  When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## PLAINTIFF'S FAC

### I.   Background

Plaintiff filed his original complaint on June 22, 2023.  (ECF No. 1.)  The previously assigned magistrate screened the complaint and gave plaintiff the option of proceeding on his cognizable claims or filing an amended complaint.  (ECF No. 13.)  Plaintiff elected to amend.  (ECF No. 16.)  Plaintiff filed his FAC on April 15, 2024.  (ECF No. 17.)

### II.  Factual Allegations of the FAC

According to the FAC, the alleged violations occurred at High Desert State Prison ("HDSP") in Susanville.  (ECF No. 17.)  The FAC names as defendants (1) M. Harrod, a mailroom official at HDSP; (2) CMR J. Speers; and (3) Jones, a B-yard facility public official at HDSP.  (Id. at 1-2.)

### A. Claim I: First and Fourteenth Amendment Mail Access

Plaintiff alleges that around April 2021, he submitted a request to the educational staff in Corcoran State Prison's ("CSP") segregated housing unit to participate in paralegal college courses at Blackstone Institute. (ECF No. 17 at 3.) Plaintiff was advised by educational director Shepherd that he could do correspondent courses. (Id.) Plaintiff received shipment #1 and sent text exams back to Blackstone successfully, receiving a passing grade on test exam #1. (Id.)

Thereafter, the text exams were being targeted and removed from envelopes without being returned to sender. (ECF No. 17 at 3.) Blackstone student services advisor Elaine Smith told plaintiff that Blackstone was not in receipt of his test exams. (Id.) Plaintiff wrote his test answers on a regular-lined paper to be certain he was being subjected to retaliation. Those answers arrived without a problem. (Id.)

Once he arrived at HDSP on August 29, 2022, plaintiff mailed out several more test exams. Again, these exams never arrived as directed. (Id.) Plaintiff wrote out his test answers again to be certain that this form of mail tampering was consistent with the retaliation he experienced at a different prison. The handwritten answers arrived, and plaintiff determined the text exams were the prison's focus. (Id.)

As a result, plaintiff experiences constant migraines, emotional distress, cramps, trouble sleeping, and nervous problems. (ECF No. 17 at 3.) He seeks $826.00 in reimbursement for the Blackstone course and other relief the court finds "fair and impartial." (Id. at 7.)

### B. Claim II: First and Fourteenth Amendment Exercise of Religion

At another prison in April 2019, plaintiff was approved for religious dietary supplements (kosher food). (ECF No. 17 at 4.) Shortly thereafter, plaintiff was transferred to Pelican Bay State Prison ("PBSP") and resubmitted a 3030 form in July 2019. A PBSP CMR interviewed plaintiff about the request. (Id.) Plaintiff then received a response directly from PBSP's Warden claiming that plaintiff's rights were not being violated and that a second interview with the religious committee would take place on August 22, 2019. This never occurred. (Id.) Plaintiff was later interviewed a second time at PBSP and told he was approved. (Id.)

////

1    When plaintiff arrived at CSP in September 2021, Officer P. Villa and Sgt. J. Reyes said
2    he was not approved to receive kosher food.  (ECF No. 17 at 4.)  Plaintiff then went on an 18-day
3    hunger strike, which led to the immediate approval of religious dietary supplements.  (Id.)  This
4    was retaliation for PBSP officials sexually assaulting plaintiff and plaintiff filing an appeal.  (Id.)

5    When plaintiff arrived at HDSP, defendants Jones and J. Speers CMR accused plaintiff of
6    taking and purchasing non-kosher food.  (ECF No. 17 at 4.)  Plaintiff never purchased non-kosher
7    food from canteen.  This was an excuse due to retaliation coupled with plaintiff being Muslim and
8    receiving Jewish food and racially motivated.  (Id. at 5.)

9    Plaintiff alleges his health began to deteriorate from the hunger strike and was placed on
10   psych medication for depression because of defendants' actions.  (ECF No. 17 at 4.)

### C.  Claim III: First Amendment Retaliation

12   On March 15, 2021, plaintiff filed an administrative complaint within PBSP for employee
13   sexual assault on A. Tidwell and C. Sandoval.  (ECF No. 17 at 6.)  Plaintiff was then thrown into
14   segregated housing where he was subjected to retaliatory responses from public official Baxter E.
15   Galvin and a few others before being transferred to CSP.  (Id.)  Plaintiff then started the 18-day
16   hunger strike due to PBSP conveying to CSP that plaintiff was not clear to receive religious
17   dietary supplements.  Once the hunger strike concluded, plaintiff received kosher food.  (Id.)
18   Now at HDSP, plaintiff is "targeted" by CMR J. Speers and defendant M. Harrod "targeted" his
19   mail.  (ECF No. 17 at 6.)

## LEGAL STANDARDS

### I.   42 U.S.C. § 1983

22   A plaintiff may bring an action under 42 U.S.C. § 1983 to redress violations of "rights,
23   privileges, or immunities secured by the Constitution and [federal] laws" by a person or entity,
24   including a municipality, acting under the color of state law.  42 U.S.C. § 1983.  To state a claim
25   under 42 U.S.C. § 1983, a plaintiff must show that (1) a defendant acting under color of state law
26   (2) deprived plaintiff of rights secured by the Constitution or federal statutes.  Benavidez v.
27   County of San Diego, 993 F.3d 1134, 1144 (9th Cir. 2021).
28   ////

## II. Linkage

To state a claim for relief under § 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights. See Monell v. Department of Social Services, 436 U.S. 658, 694 (1978); Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Plaintiff may demonstrate that connection by alleging facts showing: (1) a defendant's "personal involvement in the constitutional deprivation," or (2) that a defendant set "in motion a series of acts by others" or "knowingly refus[ed] to terminate a series of acts by others, which [the defendant] knew or reasonably should have known would cause others to inflict a constitutional injury." Starr v. Baca, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (quotation marks and citation omitted).

## DISCUSSION

### I. Claims for Relief

#### A. First Amendment Mail Access

Plaintiff's first claim alleges violations of his First and Fourteenth Amendment rights related to the confiscation of his Blackstone test exams. (ECF No. 17 at 3.) Incarcerated persons have a "first Amendment right to send and receive mail" subject to prison regulations that are "reasonably related to legitimate penological interests." Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (citing Turner v. Safley, 482 U.S. 78, 89 (1987)) (per curiam). While the FAC contains numerous details regarding the alleged confiscation of plaintiff's outgoing test exams at HDSP and other prisons, it does not adequately link any specific persons to these alleged actions. Plaintiff does state he is being "targeted" by defendant M. Harrod, an HDSP mailroom official, but does not allege Harrod's personal involvement in the interference with his test exams or any other specific facts regarding Harrod. Therefore, for screening purposes, the FAC does not state a cognizable First Amendment mail access claim.

#### B. First Amendment Free Exercise of Religion

Prisoners "retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion." O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987) (citation omitted). To state a claim under the Free Exercise Clause, an inmate must

5

plausibly allege a prison official's actions (a) substantially burdened the inmate's exercise of a sincerely held religious belief; and (b) did so in an unreasonable manner. See O'Lone, 482 U.S. at 348-50; Jones v. Williams, 791 F.3d 1023, 1031-32 (9th Cir. 2015).

A prison official's refusal to provide a kosher meat diet to a Muslim inmate can implicate the Free Exercise Clause. See Shakur v. Schriro, 514 F.3d 878, 885 (9th Cir. 2008). While the FAC describes removals of plaintiff's approved religious diet at various prisons, it does not state any facts linking the defendants to the removals. Plaintiff alleges that defendants Speers and Jones, both HDSP employees, accused him of taking and purchasing non-kosher food after he arrived (ECF No. 17 at 4) but it is not clear if these accusations led to his removal from the kosher food list. Accordingly, for screening purposes, the undersigned finds plaintiff has failed to allege a violation of his First Amendment right to free exercise against Speers or Jones.

### C. First Amendment Retaliation

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (citations and footnote omitted).

Plaintiff alleges several retaliatory actions throughout his FAC, none of which state a cognizable claim for relief. First, he alleges that the confiscation of his test exams is a form of retaliation similar to what he experienced at a prior prison. (ECF No. 17 at 3.) However, as explained above, the FAC does not factually link any defendants or other individuals to the alleged confiscation of the outgoing test exams.

Second, plaintiff alleges that when he arrived at CSP, Officer P. Villa and Sgt. J. Reyes removed his religious diet in retaliation for his appeal alleging employee sexual assault. Filing an inmate grievance is a protected action under the First Amendment, Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003), but Villa and Reyes are not defendants in this action. (See ECF No. 17 at 1-2.) Third, although plaintiff alleges retaliatory accusations made by defendants Jones and Speers

6

that he took and purchased non-kosher food (id. at 5), he does not allege an adverse action or any protected conduct that precipitated their accusations. In sum, for screening purposes, plaintiff has failed to allege any cognizable First Amendment retaliation claims.

## II.     Failure to State a Claim

Having conducted the screening required by 28 U.S.C. § 1915A, the court finds that the complaint does not state a valid claim for relief pursuant to the First and Fourteenth Amendments against defendants Harrod, Speers, or Jones. The FAC does not adequately link or connect any of the three defendants to the alleged confiscation of plaintiff's test exams, removal of his approved religious diet, or retaliation for protected conduct. Because of these defects, the court will not order the FAC to be served on defendants.

Plaintiff may try to fix these problems by filing an amended complaint. If plaintiff chooses to file an amended complaint, the amended complaint should be short and to the point, containing only those facts necessary to state one or more claims against each defendant. Fed. R. Civ. P. 8(a). Plaintiff must also allege in specific terms how each named defendant is involved in the violations of his rights. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed violation of his rights. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

The court recognizes that the previously assigned magistrate judge found plaintiff's original complaint stated some cognizable claims. The undersigned suspects that plaintiff intended for the FAC to incorporate his original complaint's allegations. If plaintiff chooses to file a second amended complaint, he is advised that the court cannot refer to prior complaints to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes any prior complaints. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted). Once plaintiff files an amended complaint, any previous complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### III. Plain Language Summary for Party Proceeding Without a Lawyer

Your complaint will not be served because the facts alleged are not enough to state a claim. You are being given a chance to fix these problems by filing a second amended complaint. If you file an amended complaint, be sure to give facts that show exactly what each defendant did to violate your rights. The court cannot consider any facts that are not in your second amended complaint and will not refer back to your original or first amended complaint.

### PLAINTIFF'S MOTION FOR DESIGNEE TO STOP MISAPPROPRIATING FUNDS

On December 27, 2024, plaintiff filed a motion requesting that the Kern Valley State Prison ("KVSP") Trust Office designee stop misappropriating his trust funds. (ECF No. 20.) Plaintiff alleges that each month the Trust Office is deducting more than twenty percent from his trust account in violation of the court's order for payment of inmate filing fee (ECF No. 14) and 28 U.S.C. § 1915(b)(1). (Id. at 1-2.) Plaintiff alleges the Trust Office's actions are retaliatory and done to prevent him from purchasing items from the facility's commissary. (Id. at 3-4.) Plaintiff asks the court to order the Trust Office's designee to (1) stop misappropriating funds; and (2) collect only twenty percent going forward until the filing fee is paid.[1]

The court construes plaintiff's filing as a motion for injunctive relief. An injunction under Rule 65 binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)–(C). Even assuming KVSP Trust Office staff are "in active concert or participation" with defendants, the court lacks jurisdiction over them because defendants have not been served and there is no operative complaint. See Zepeda v. I.N.S., 753 F.2d 719, 727 (9th Cir. 1983) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.") Other judges in this district have denied similar motions for injunctive relief aimed at alleged improper trust account deductions where no defendants have been served. See Fairchild

---

[1] Plaintiff also asks the court to order the U.S. Marshal to effectuate service. (ECF No. 20 at 2.) As described above, the undersigned found plaintiff's FAC fails to state any cognizable claims and granted plaintiff leave to amend.

v. Vang, No. 1:23-cv-0917 JLT GSA PC, 2024 WL 448796, at *2 (E.D. Cal. Feb. 6, 2024), report and recommendation adopted, No. 1:23-cv-0917 JLT GSA PC, 2024 WL 923474 (E.D. Cal. Mar. 1, 2024). Accordingly, the undersigned recommends that plaintiff's motion be denied.

It appears that plaintiff's motion is premised on a misunderstanding of the court's order for payment of inmate filing fee. Under that order, the Trust Office is obligated to deduct "twenty percent of the preceding month's **income** credited to plaintiff's trust account," not twenty percent of the preceding month's balance. (See ECF No. 14 at 1 (emphasis added).) For example, plaintiff objects to the Trust Office's deduction of $10.00 on September 1, 2024, because that amount is more than twenty percent of the preceding month's balance of $20.00. (ECF No. 20 at 3.) A review of the trust account statement submitted by plaintiff shows that his income during the preceding month was $50.00. (See ECF No. 20-1 at 1.) Therefore, the Trust Office deducted $10.00 because it was twenty percent of $50.00. The court hopes this clarification is helpful to plaintiff.

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's first amended complaint fails to state a claim upon which relief may be granted, see 28 U.S.C. § 1915A, and will not be served.

2. Within sixty days from the date of service of this order, plaintiff may file an amended complaint. The amended complaint must bear the docket number assigned this case, **No. 2:23-cv-1221 SCR P**, and must be labeled **"Second Amended Complaint."**

3. Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

4. The Clerk of the Court is directed to randomly assign a District Judge to this matter.

5. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

////

IT IS FURTHER RECOMMENDED that plaintiff's motion for designee to stop misappropriating funds (ECF No. 20) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judges Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 25, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE